IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

**UNITED STATES OF AMERICA**
                                        *
**v.**                                  *
                                        *   Case No.:  4:05-CR-39-2 of 2 (CDL)
**RICHARD GREEN,**                      *
    **Defendant.**

## MOTION FOR DISCLOSURE OF EXCULPATORY
## AND IMPEACHING INFORMATION
## (BRADY AND GIGLIO MOTION)

COMES NOW the Defendant pursuant to Rule 16 of the Federal Court Rules of Criminal Procedure and in accordance with the principles of the cases of Brady v. Maryland, 373 U.S. 83 (1963), Giles v. Maryland, 386 U.S. 66 (1967), and Giglio v. United States, 405 U.S. 150 (1972), and moves this Court for entry of an Order directing the government to make inquiries and disclose all of the following within its possession, custody or control, or the existence of which is known or by the exercise of due diligence could become known to the government:

1. Any and all records and information revealing prior felony convictions or guilty verdicts or juvenile adjudications attributed to each witness called by the government including, but not limited to relevant "rap sheets", and/or judgment and commitment orders.

2. Any and all records and information revealing prior misconduct or bad acts attributed to the witness; particularly those which may be admissible under Fed. R. Evid. 608(b) to impeach the witness' truthfulness.

3. Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness.  By "consideration", Defendants refer to absolutely anything, whether bargained for or not, which arguably could be of value or use to a

witness or to persons of concern to the witness, including, but not limited to, formal or informal, direct or indirect leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, Court of Claims, immigration, administrative or other dispute with the government or with any other authority or with any other parties; criminal, civil, or tax immunity grants; relief from forfeiture, payment of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a witness protection program; informer status of the witness; and anything also which arguably could reveal an interest; motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony.

4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness; any criminal prosecution, investigation, or potential criminal prosecutions which could be brought against the witness; any probationary, parole, deferred government or custodial status of the witness, and any civil, tax court, Court of Claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real, apparent, or perceived influence.

5. Any and all informant files on the witness; the existence and identity of all federal, state and local government files on each witness; and the existence and identity of all official internal affairs, internal investigation, public integrity investigation, or personnel files relating to or connected with each witness who was or is a law enforcement officer.

6. The existence and identification of each occasion on which each witness who was or is an informer, accomplice, coconspirator, or expert has testified before any court, grand jury, or other tribunal or body.

7. Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative effect of the prosecution's evidence or which arguable could lead to such records or information. This request specifically includes information as to the witness' psychiatric history or "basic mental trouble";

the use of hypnosis or hypnotic age regression; the use of "lie detectors" and their results; the witness' use of narcotic or other drugs; and any occasions which the witness may have identified someone other than the Defendant as the perpetrator of the alleged crime, failed to identify the defendant as the perpetrator, or failed to make any identification whatsoever.

8.   The same records and information requested in items 1 through 7 above with respect to each non-witness declarant whose statements are to be offered into evidence.

WHEREFORE, the Defendant prays that this motion be granted.

This 21st day of November, 2006.

Respectfully submitted,

/s Mark A. Casto
Attorney for the Defendant
Georgia State Bar # 116148

Address/Telephone:
P. O. Box 11
812 Broadway
Columbus, Georgia 31902
(706) 327-7571

## CERTIFICATE OF SERVICE

**GEORGIA, MUSCOGEE COUNTY**

      This is to certify that I, the undersigned, have on this date served a copy of the foregoing by electronic filing with United Stated District Court, Middle District of Georgia, Columbus Division, a true copy of same to Mr. Melvin Hyde, Assistant United States Attorney, United States Attorney's Office, Post Office Box 2568, Columbus Georgia 31902.

      This 21st day of November, 2006.

                              Respectfully submitted,

                              <u>/s Mark A. Casto</u>
                              Attorney for the Defendant
                              Georgia State Bar # 116148

Address/Telephone:
P. O. Box 11
812 Broadway
Columbus, Georgia 31902
(706) 327-7571