IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

**UNITED STATES OF AMERICA**
                                         *
**v.**                                   *
                                         *     Case No.:  4:05-CR-39-2 of 2 (CDL)
**RICHARD GREEN,**                       *
    **Defendant.**

### MOTION OF DEFENDANT FOR THE DISCLOSURE OF "SIMILAR" OR "EXTRINSIC ACT" EVIDENCE

COMES NOW, the above named Defendant, and hereby moves for the entry of an Order compelling the Government to produce any "similar" or "extrinsic act" evidence that it anticipates attempting to introduce against this Defendant pursuant to Federal Rules of Evidence 404(b) at any hearing or at the trial of this case.  The evidence sought is that specifying dates and identifying transactions alleged to be "extrinsic offense evidence" within the parameters of Rule 404(b) and identifying the individuals involved in these transactions.

This request is based on the police interest of avoiding a mistrial due to the disclosure of 404(b) evidence at trial.  In United States v. Baum 482 F. 2d 1325 (2d Cir. 1973), for example, the Second Circuit reversed a conviction of possession of stolen goods where a witness at trial testified that the Defendant had previously received stolen goods unrelated to the possession named in the indictment.  The Court stated:

Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the Defendant had little or no opportunity to meet the impact of this attack in the middle of trial.  This precarious predicament was precipitated by the prosecutor.
Id. at 1332-1333. The Defendant in Baum was afforded a new trial so that he could be provided a "fair opportunity to meet the critical and damaging proof of an offense not presented against him in the indictment."  Id. at 1332; See also United States v Foskey, 636 F. 2d 517, 526 n. 8 (D.C. Cir. 1980) (government should disclose 404(b) evidence in timely and orderly fashion); United

States v. Kelly, 420 F 2d. 26, 29 (2d Cir. 1969) (Defendant should not be subjected to "trial by ambush").

  WHEREFORE, Defendant respectfully request that the Court grant this motion for disclosure of 404(b) evidence.

This 21st day of November, 2006.

                Respectfully submitted,

                /s Mark A. Casto
                Attorney for the Defendant
                Georgia State Bar # 116148

Address/Telephone:
P. O. Box 11
812 Broadway
Columbus, Georgia 31902
(706) 327-7571

**CERTIFICATE OF SERVICE**

**GEORGIA, MUSCOGEE COUNTY**

This is to certify that I, the undersigned, have on this date served a copy of the foregoing by electronic filing with United Stated District Court, Middle District of Georgia, Columbus Division, a true copy of same to Mr. Melvin Hyde, Assistant United States Attorney, United States Attorney's Office, Post Office Box 2568, Columbus Georgia 31902.

This 21st day of November, 2006.

/s Mark A. Casto
Attorney for Defendant
Georgia State Bar # 116148

Address/Telephone:
P. O. Box 11
812 Broadway
Columbus, Georgia 31902
(706) 327-7571